UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| G & G FOOD, INC., d/b/a THE CURRY PIZZA HOUSE,<br><br>Plaintiff,<br><br>v.<br><br>THE CURRY PIZZA COMPANY, LLC,<br><br>Defendant. | Case No.  1:22-cv-00269-ADA-BAM<br><br>**ORDER GRANTING DEFENDANT'S MOTION FOR LEAVE TO FILE FIRST AMENDED ANSWER**<br><br>Doc. 12 |

Currently pending before the Court is a motion for leave to file a first amended answer filed by Defendant The Curry Pizza Company, LLC ("Defendant") on May 2, 2022.  (Doc. 12.) Plaintiff G & G Food, Inc. d/b/a The Curry Pizza House ("Plaintiff") filed an opposition to Defendant's motion to amend on May 16, 2022.  (Doc. 17.)  Defendant filed a reply on May 25, 2022.  (Doc. 18.)  The Court has not yet held a Scheduling Conference in this matter.

This matter was deemed submitted on the record without the need for oral argument pursuant to Local Rule 230(g).  (Doc. 14.)  On May 24, 2023, the motion was referred to Magistrate Judge Barbara A. McAuliffe.  (Doc. 34.)  Having considered the unopposed motion and the record in this case, Defendant's motion for leave to amend will be GRANTED.

///

///

1

**DISCUSSION**

Defendant's motion for leave to file a first amended answer was filed on May 2, 2022, prior to the issuance of a Scheduling Order. (Doc. 12.) Plaintiff's motion to amend is therefore considered under the Federal Rule of Civil Procedure 15 standard for amendment to the pleadings. *See Johnson v. Mammoth Recreations, Inc.,* 975 F.2d 604 (9th Cir. 1992) (holding that motion to amend filed after pretrial scheduling order deadline must satisfy the requirements of Federal Rule of Civil Procedure 16). Rule 15(a) provides that a court "should freely give leave [to amend] when justice so requires." Fed. R. Civ. P. 15(a)(2). The United States Supreme Court has stated:

> [i]n the absence of any apparent or declared reason—such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc. —the leave sought should, as the rules require, be "freely given."

*Foman v. Davis*, 371 U.S. 178, 182 (1962). The intent of the rule is to "facilitate decision on the merits, rather than on the pleadings or technicalities." *Chudacoff v. Univ. Med. Center of S. Nev.*, 649 F.3d 1143, 1152 (9th Cir. 2011). Consequently, the "policy of favoring amendments to pleadings should be applied with 'extreme liberality.'" *United States v. Webb*, 655 F.2d 977, 979 (9th Cir. 1981).

Courts consider five factors in determining whether justice requires allowing amendment under Rule 15(a): "bad faith, undue delay, prejudice to the opposing party, futility of amendment, and whether the plaintiff has previously amended the complaint." *Johnson v. Buckley*, 356 F.3d 1067, 1077 (9th Cir. 2004) (citation omitted); *Bonin v. Calderon*, 59 F.3d 815, 845 (9th Cir. 1995) (citing *Western Shoshone Nat'l Council v. Molini*, 951 F.2d 200, 204 (9th Cir. 1991)). These factors are not of equal weight as prejudice to the opposing party has long been held to be the most critical factor in determining whether to grant leave to amend. *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003) ("As this circuit and others have held, it is the consideration of prejudice to the opposing party that carries the greatest weight"); *Jackson v. Bank of Hawaii*, 902 F.2d 1385, 1387 (9th Cir. 1990) ("Prejudice to the opposing party is the most important factor."). Absent prejudice, or a strong showing of any of the remaining factors, a

presumption exists under Rule 15(a) in favor of granting leave to amend. *Eminence Capital,* 316 F.3d at 1052.

Having considered the parties' briefing, the Court finds that there will be little prejudice to Plaintiff in permitting the amendment. *See* (Doc. 12 at 4) (noting that the proposed amended answer is not prejudicial as Plaintiff could bring any further Rule 12 motions as to the amended pleading); *See generally* (Doc. 17) (Plaintiff does not address prejudice as a result of amendment). The Court additionally finds that Defendant has not unduly delayed in seeking to amend its answer and the amendment is not brought in bad faith. *See* (Doc. 12 at 4) (noting that Defendant's motion was submitted within two weeks of Plaintiff's Rule 12 motion and is intended to "conserve the resources of both the Court and counsel in order to move the case forward."); *See generally* (Doc. 17) (Plaintiff does not address whether the motion to amend was brought in bad faith or with undue delay). In addition, this is Defendant's first request to amend its answer.

On the factor of futility, Plaintiff argues that Defendant's defenses of genericness, descriptiveness, and weak or indistinctive mark are denials rather than affirmative defenses and that Defendant's defenses of fair use, laches, and estoppel are futile as they are contrary to already-admitted facts. (Doc. 17 at 6-10.) Plaintiff further argues that on its "failure to mark" defense, Defendant does not plead facts to suggest Plaintiff failed to designate its Marks and that Defendant had actual notice of the registration. (*Id.* at 10.) Defendant in turn argues that Plaintiff did not establish the futility of amendment as its cited support is inapposite for a motion to amend. (Doc. 18 at 3-7.)

The Ninth Circuit has articulated the test for futility as when "no set of facts can be proved under the amendment to the pleadings that would constitute a valid and sufficient claim or defense." *Barahona v. Union Pac. R.R. Co.*, 881 F.3d 1122, 1134 (9th Cir. 2018) (citing *Sweaney v. Ada County*, 119 F.3d 1385, 1393 (9th Cir. 1997)). However, denial of leave to amend on this ground is rare. *Zurich Am. Ins. Co. of Illinois v. VForce Inc.*, No. 2:18-cv-02066-TLN-CKD, 2020 WL 2732046, at *3 (E.D. Cal. May 26, 2020) (citing *Netbula, LLC v. Distinct Corp.*, 212 F.R.D. 534, 539 (N.D. Cal. 2003)). "Ordinarily, 'courts will defer consideration of challenges to

1 the merits of a proposed amended pleading until after leave to amend is granted and the amended
2 pleading is filed.'" *Id.*

3 Plaintiff's arguments that Defendant's defenses of genericness, descriptiveness, and indistinctiveness are denials rather than defenses is misplaced. Regarding genericness and distinctiveness, the Ninth Circuit has noted that, "[g]eneric marks are not capable of receiving protection because they identify the product, rather than the product's source" and courts have permitted affirmative defenses regarding a mark's lack of distinctiveness. *KP Permanent Make-Up, Inc. v. Lasting Impression I, Inc.*, 408 F.3d 596, 602 (9th Cir. 2005) (citing *Park 'N Fly, Inc. v. Dollar Park & Fly, Inc.,* 469 U.S. 189, 194, 105 S.Ct. 658, 83 L.Ed.2d 582 (1985)); *see Desert European Motorcars Ltd. v. Desert European Motorcars, Inc.*, No. EDCV 11–197 RSWL, 2011 WL 3809933, at *9 (C.D. Cal. Aug. 25, 2011) (denying motion to strike affirmative defense that mark lacked distinctiveness where the defendant alleged "Plaintiff's trademark claims based on Plaintiff's purported [mark] is barred because the mark is not distinctive and has not acquired secondary meaning."); *AirWair Int'l Ltd. v. Schultz*, 84 F. Supp. 3d 943, 961 (N.D. Cal. 2015) ("At the pleading stage, courts have held that a party sufficiently alleges that a mark lacks distinctiveness if the party alleges that the mark lacks secondary meaning."); *Zobmondo Ent., LLC v. Falls Media, LLC*, 602 F.3d 1108, 1113 (9th Cir. 2010) ("To be valid and protectable, a mark must be 'distinctive.' Distinctiveness measures "the primary significance of the mark to the purchasing public.'… In determining distinctiveness, 'we are required to consider standards of meaning not our own, but prevalent among prospective purchasers of the article.'"). On descriptiveness, the Ninth Circuit noted that, under "the common law classic fair use defense codified in the Lanham Act at 15 United States Code § 1115(b), '[a] junior user is always entitled to use a descriptive term in good faith in its primary, descriptive sense other than as a trademark.'" *Cairns v. Franklin Mint Co.*, 292 F.3d 1139, 1150–51 (9th Cir. 2002) (citing 2 McCarthy on Trademark and Unfair Competition § 11:45 (4th ed.2001)); *see also KP Permanent, 408* F.3d at 602 ("Merely descriptive marks, which describe the qualities or characteristics of a product, may be registered only if the holder of the mark shows that the mark has acquired distinctiveness through secondary meaning."). Defendant's allegations of genericness,

1 descriptiveness, and indistinctive mark therefore appear to be affirmative defenses rather than
2 denials.
3      As to the futility of Defendant's affirmative defenses, the Court cannot say that a set of
4 facts could not be proved under the proposed amendment that would constitute the defenses
5 offered by Defendant.  Instead, Defendant alleges that the terms at issue are generic, descriptive,
6 or indistinct and in widespread use in relation to general meanings in food and restaurant services.
7 (Doc. 12-1 ¶¶ 56-57, 61.) In addition, Defendant alleges that its use of these terms since March
8 2017 to describe products and services constitutes the defenses of fair use, laches, and estoppel.
9 (*Id.* ¶¶ 58-60.) Finally, while Defendant does not provide much detail regarding its failure to
10 mark defense, at this stage, the Court cannot conclude that no set of facts could not be proved to
11 allow for this defense to be valid.  (*Id.* ¶ 62.) The Court therefore finds that amendment would
12 not be futile.
13      Given that the motion to amend was not made in bad faith and amendment would not be
14 futile, and no undue delay or prejudice to the opposing party will result, leave to amend will be
15 granted.
16      ///
17      ///
18      ///
19      ///
20      ///
21      ///
22      ///
23      ///
24      ///
25      ///
26      ///
27      ///
28      ///

**CONCLUSION AND ORDER**

For the reasons discussed above, IT IS HEREBY ORDERED that:

1. Defendant's Motion for Leave to File First Amended Answer (Doc. 12) is GRANTED;

2. The Clerk of Court is directed to file the lodged First Amended Answer (Doc. 12-1); and

3. Plaintiff shall file its responsive pleading in compliance with the Federal Rules of Civil Procedure and any relevant Local Rules following electronic service of the First Amended Answer.

IT IS SO ORDERED.

Dated: __July 14, 2023__        /s/ Barbara A. McAuliffe           _
                                 UNITED STATES MAGISTRATE JUDGE