UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| G&G FOOD, INC., | No. 1:22-cv-00269-ADA-BAM |
| Plaintiff, | |
| v. | ORDER GRANTING PLAINTIFF'S MOTION FOR RECONSIDERATION |
| THE CURRY PIZZA CO., LLC, | |
| Defendant. | (ECF No. 37) |

**I.**

**Procedural Background**

Plaintiff G&G Food, Inc. initiated this trademark infringement action by filing a complaint on March 3, 2022 against Defendant The Curry Pizza Company, LLC. (ECF No. 1.) On March 28, 2022, Defendant filed an answer asserting numerous affirmative defenses and several counterclaims. (ECF No. 4.) In response, Plaintiff filed a motion to dismiss one of the counterclaims and to strike certain affirmative defenses. (ECF Nos. 5, 6.) On May 2, 2022, Defendant filed four documents: (1) an opposition to Plaintiff's motion to dismiss the counterclaim; (2) an opposition to Plaintiff's motion to strike affirmative defenses; (3) a motion to amend the answer; and (4) amended counterclaims. (ECF Nos. 10–13.) On July 25, 2022, Plaintiff filed a renewed motion to dismiss the first amended counterclaims. (ECF No. 20.) Nearly a year later, on July 17, 2023, the Magistrate Judge granted Defendant's motion to amend

1

the answer. (ECF No. 35.) As relevant here, the Magistrate Judge ordered that "Plaintiff shall file its responsive pleading in compliance with the Federal Rules of Civil Procedure and any relevant Local Rules following electronic service of the First Amended Answer." (*Id.* at 6.) Defendant filed its first amended answer the same day the Magistrate Judge issued the order. (ECF No. 36.)

On July 31, 2023, Plaintiff filed a motion to reconsider only that portion of the Magistrate Judge's order requiring Plaintiff to file a responsive pleading. (ECF No. 37.) Defendant filed a statement of non-opposition on August 7, 2023. (ECF No. 38.)

## II.
## Legal Standard

A district court will not set aside a magistrate judge's order on a non-dispositive matter unless that order is clearly erroneous or contrary to law. 28 U.S.C. § 636(b)(1)(A); E.D. Cal. R. 303(f). The "clearly erroneous" standard applies to factual determinations and requires reversal when "the district court is left with the definite and firm conviction that a mistake has been made." *Comput. Econ., Inc. v. Gartner Grp., Inc.*, 50 F. Supp. 2d 980, 983 (quoting *Weeks v. Samsung Heavy Indus. Co., Ltd.*, 126 F.3d 926, 943 (7th Cir. 1997)). On the other hand, "the district court should exercise its independent judgment with respect to a magistrate judge's legal conclusions." *Id.*

## III.
## Discussion

The Court agrees with the parties that the Magistrate Judge's order requiring Plaintiff to file a responsive pleading to Defendant's first amended answer was contrary to law. As the parties recognize, the first amended answer does not contain any counterclaims requiring a responsive pleading. Nor did the Magistrate Judge's order address Defendant's first amended counterclaims. Those amended counterclaims are subject to Plaintiff's July 25, 2022 motion to dismiss, which remains pending and fully briefed.

Even if an answer does not require a responsive pleading, the Federal Rules of Civil Procedure permit courts to order a party to file a reply to an answer in appropriate cases. Fed. R.

2

Civ. P. 7(a)(7), 12(a)(C).  Ordering a reply is rare, reserved for cases where additional pleading would assist in testing the sufficiency of a plaintiff's claims.  *See Schultea v. Wood*, 47 F.3d 1427, 1432–33 (5th Cir. 1995).  This does not appear to be such a case, and the Magistrate Judge provided no explanation why a reply would be necessary.

A charitable reading of the Magistrate Judge's order is a recognition that the filing of a first amended answer containing affirmative defenses would moot Plaintiff's prior motion to strike.  If Plaintiff is satisfied that the first amended complaint addresses the issues it raised in its April 18, 2022 motion to strike, it is by no means required to file a renewed motion.  To the extent Plaintiff does wish to file a renewed motion to strike, the Federal Rules of Civil Procedure require it to do so within 21 days of service of the first amended answer.  Fed. R. Civ. P. 12(f)(2).  Due to the confusion surrounding the Magistrate Judge's order, the Court will extend that deadline and permit Plaintiff to file a renewed motion to strike within 21 days of the date of signature on this order.

Accordingly,

1. Plaintiff's motion for reconsideration, (ECF No. 37), is granted;
2. To the extent the Magistrate Judge's July 17, 2023 order, (ECF No. 35), required Plaintiff to file a response to Defendant's first amended answer, that order was contrary to law;
3. Plaintiff's April 18, 2022 motions to dismiss and strike, (ECF Nos. 5, 6), are terminated as moot;
4. Plaintiff's July 25, 2022 motion to dismiss, (ECF No. 20), remains pending; and
5. If Plaintiff wishes to file a renewed motion to strike any portion of Defendant's first amended answer, it must do so within 21 days of the date of signature on this order.

IT IS SO ORDERED.

Dated:   August 10, 2023

UNITED STATES DISTRICT JUDGE

3